UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

COOPER CARRY, INC.

    Plaintiff

vs.

JAMES H. BATMASIAN AND MARTA
BATMASIAN, d/b/a/ INVESTMENTS LTD.,
FLORIDA "KEY WEST" ARCHITECTURAL
DESIGNERS and GERARD JOSEPH OAKLEY

    Defendants

_____/

CASE NO. 02-81049-CV-
MIDDLEBROOKS/JOHNSON

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS

Defendants, JAMES H. BATMASIAN and MARTA BATMASIAN, d/b/a/

INVESTMENTS LIMITED; FLORIDA "KEY WEST" ARCHITECTURAL DESIGNERS, and

GERARD JOSEPH OAKLEY, ("Defendants"), by undersigned counsel, files this their

Memorandum in Support of their Motion to Dismiss.

Defendants move this Court for entry of its Order Dismissing Plaintiff's Complaint in

this Court, with leave to pursue contract and lien claims previously asserted by Plaintiff in the

Circuit Court in and for Palm Beach County, Florida, Case No.: 02-011280 AG filed September

14, 2002, ("State Court action").  A copy of the Complaint in the State Court Action is attached

hereto as Exhibit "1".

As set forth in Plaintiff's State Court action, Plaintiff relies upon a contract which



Case No.  02-81049 CV

Plaintiff fails to disclose in its claim to this Court. See Exhibit "B" attached to Exhibit "1" and incorporated herein by reference.  The Construction Documents referred to in the Contract are the same Construction Documents that are the subject of this case.  Accordingly, the contract between the parties precludes Plaintiff from bringing Copyright claims in this case, despite the facts that a dispute has arisen regarding payment.  By Plaintiff's own allegations, and the contract between the parties, Defendants requested creation of the work, Plaintiff delivered the work and Plaintiff assisted with the copying and distribution of the work.

The State Court action asserts a fee dispute and includes alleged foreclosure of a mechanics lien.  The claim of lien filed by Plaintiff acknowledges that One Million Seven Hundred Forty Four Thousand Four Hundred Thirty Eight Dollars and twenty one cents ($1,744,438.21) was paid, but seeks an additional One Million Two Thousand Four Hundred Thirty Nine Dollars and twenty four cents ($1,002,439.24).  A copy of Defendants' Motion To Dismiss is attached as Exhibit "2".

## I. Copyright Claim-

In this federal action Plaintiff is bringing a Count I alleging a copyright claim before this Court as another collection tool of business duress, without disclosing its prior activities. Plaintiff is adequately protected by the pendency of the State Court action with its mechanics lien protection.  Plaintiff makes no allegation that there is inadequate equity in the property to protect or satisfy its claim of lien.  Plaintiff's remedies are limited by the contract between the parties and its allegations.

LAW OFFICES OF SWEETAPPLE, BROEKER, VARKAS & FELTMAN
COURVOISIER CENTRE II - SUITE 805, 601 BRICKELL KEY DRIVE, MIAMI, FLORIDA 33131

Case No.  02-81049 CV

There is, without question, an implied license allowing Defendants to utilize the subject plans to construct this building. *Nelson - Salabes v. Morningside Development, LLC*, 284 F.3d 505 (4th Cir. 2002);  *IAE Incorporated v. Shaver*, 74 F.3d  768 (7th Cir. 1996).  Accordingly Plaintiff has no viable claim of copyright infringement to assert against these Defendants in this action.

## II.  Lanham Act-

Further, with regard to Count II and alleged violation of the Lanham Act, wherein Plaintiff claims that the placement of the successor architect's name on the plans for the building constitutes a violation of the Act, the claim fails.  The successor architect's actions were mandated by Florida Law. Florida Administrative Code at 61G1-18.002(2), Responsible Supervising Control Over Architectural Practices in the Architect's Office reads:

> "...The successor registered architect will take full responsibility for the drawing as though they were the successor registered architect's original product."

Plaintiff took it upon itself to advise the City of Boca Raton that it no longer wished to be responsible for its work. See Exhibit "3".  Under the circumstances, the successor architect had no choice but to place his name and seal on the plans.  Therefore, the Lanham Act claim is properly dismissed.[1]

WHEREFORE Plaintiff's claims are properly dismissed, with prejudice to asserting any

---

[1]  For the same reasons the Lanham Act claim is properly dismissed, Count III, for alleged violation of the Florida Unfair and Deceptive Trade Practices Act, is also properly dismissed.

LAW OFFICES OF SWEETAPPLE, BROEKER, VARKAS & FELTMAN
COURVOISIER CENTRE II - SUITE 805, 601 BRICKELL KEY DRIVE, MIAMI, FLORIDA 33131

Case No.  02-81049 CV

claim of copyright, Lanham Act, and Florida Unfair and Deceptive Trade Practices Act, but with

leave to pursue its alleged contract and lien claims in the State Court action.

Respectfully submitted,

_____
PAUL B. FELTMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by

fax/regular U.S. Mail this 18th day of December, 2002 to: **John C. Carey**, Esquire at Kilpatrick

Stockton, P.A. 200 S. Biscayne Blvd. Suite 2000, Miami, FL 33131 and **Randy Edwards Esq.**,

Kilpatrick Stockton,1000 Peachtree Street, Suite 2800, Atlanta, GA  30309-4530.

SWEETAPPLE, BROEKER, VARKAS & FELTMAN
Counsel for James H. Batmasian and Marta
Batmasian d/b/a Investments Ltd., Fl. "Key West"
Architect. Designers and Gerard Oakley
601 Brickell Key Drive,
Courvoisier Center II, Suite #805
Miami, Florida 33131
Telephone:(305) 374-5623
Facsimile: (305) 358-1023

By:_____
PAUL B. FELTMAN
FLORIDA BAR NO.: 992046

M:\wp51\Active.Client.Files\Batmasian\Cooper Carey433\Memo in Support of Motion to Dismiss.wpd

LAW OFFICES OF SWEETAPPLE, BROEKER, VARKAS & FELTMAN
COURVOISIER CENTRE II - SUITE 805, 601 BRICKELL KEY DRIVE, MIAMI, FLORIDA 33131

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO. **CA 02 011280 AS**

Florida Bar No. 947105

COOPER CARRY, INC.,

    Plaintiff,

    vs.

JAMES H. BATMASIAN and MARTA
BATMASIAN d/b/a INVESTMENTS
LIMITED,

    Defendants.

_____/

DOROTHY H. WILKEN
CLERK OF CIRCUIT COURT
CIRCUIT CIVIL DIVISION

SEP 19 2002

COPY / ORIGINAL
RECEIVED FOR FILING

*Answer due 10/10/02*

## COMPLAINT

    Cooper Carry, Inc. ("Cooper Carry") sues defendants James H. Batmasian and Marta
Batmasian d/b/a Investments Limited (collectively, the "Owner" or the "Batmasians") and states:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

    1.    This is an action for damages in excess of $15,000, exclusive of interest, attorneys
fees and costs.

    2.    At all relevant times to this complaint, Cooper Carry was and continues to be a
Florida corporation in good standing. Cooper Carry is licensed in the State of Florida to perform
architectural services, including the services described in this complaint.

    3.    Defendants James H. Batmasian and Marta Batmasian are residents of Palm Beach
County and are doing business as Investments Limited, with their principal place of business
located at 215 North Federal Highway, Boca Raton, Florida 33432.

    4.    The Batmasians own that certain real property that is the subject of this action,
located in Palm Beach County, Florida, more particularly described on Exhibit A (the
"Property").

EX: _____1_____

5.     At all relevant times to this complaint, each defendant was an agent, principal, representative, alter ego and/or employee of the other, and each was at all times acting within the course and scope of said agency, representation and/or employment and with the permission of the others.

6.     On or about September 14, 2001, Cooper Carry and the Batmasians entered into a written agreement for Cooper Carry to provide land use planning and design services to the Batmasians for the Royal Palm Plaza redevelopment project (the "Project") and architectural services for the West Building at the Project.  In addition, the Owner requested that Cooper Carry perform additional planning, design and architectural services, all of which were incorporated as an improvement to the Property. The parties agreed that Cooper Carry would charge its standard hourly rates, plus expenses (collectively, the "Agreement").  A copy of the Agreement is attached as Exhibit B.

7.     All conditions precedent to the commencement of this action have been satisfied, been performed or have been waived.

## COUNT ONE
### (Breach of Contract)

8.     Cooper Carry realleges the allegations contained in paragraphs 1 through 7.

9.     Cooper Carry performed all of its obligations under the Agreement.

10.    Despite demand, Defendants breached the Agreement by failing and refusing to pay Cooper Carry for the work it performed and the expenses that it incurred in the amount of $1,002,439.24, which remains due.

11.    As a direct and proximate result of Defendants' breach, Cooper Carry has incurred damages in the amount of $1,002,429.24.

WHEREFORE, Cooper Carry demands judgment against Batmasians, jointly and severally, for the total monies due pursuant to the Agreement, pre-judgment interest and costs

incurred to prosecute this action, together with such other and further relief as this Court deems necessary.

## COUNT TWO
### (Unjust Enrichment/Quantum Meruit)

12.    Cooper Carry realleges the allegations contained in paragraphs 1 through 7.

13.    This is an alternative count to Count One, should the Court find that no contract exists between the parties.

14.    Cooper Carry furnished labor and services to the Owner at the special request of the Owner, who promised, expressly or impliedly, to pay Cooper Carry the reasonable value of such labor and services.

15.    The reasonable value of the unpaid labor and services furnished by Cooper Carry to the Owner is $1,002,439.24.

WHEREFORE, Cooper Carry demands judgment against the Batmasians, jointly and severally, for the value of the labor and services performed and accepted by the Batmasians, costs incurred to prosecute this action, together with such other and further relief as this Court deems necessary.

## COUNT THREE
### (Open Account)

16.    Cooper Carry realleges the allegations in paragraphs 1 through 7.

17.    Batmasians became indebted to Cooper Carry on an open account in the amount of $1,002,439.24 for the labor and services  provided to Defendants.

18.    Despite demand, the Batmasians owe Cooper Carry $1,002,429.24 on the account that is currently due.

WHEREFORE, Cooper Carry demands judgment against the Batmasians, jointly and severally, for the total monies due on the account, costs incurred to prosecute this action, together with such other and further relief as this Court deems necessary.

## COUNT FOUR
### (Lien Foreclosure Action)

19.     Cooper Carry realleges the allegations contained in paragraphs 1 through 7.

20.     Cooper Carry has fully complied with its obligations under the Agreement, but has not been paid $1,002,439.24 for its services and expenses incurred for the Project.

21.     Cooper Carry provided architectural labor and services that were incorporated as an improvement to the Property.

22.     Cooper Carry last furnished its services for the Project on May 24, 2002.

23.     Cooper Carry timely recorded its claim of lien at OR Book 13797, Page 150 in the Public Records of Palm Beach County, Florida on June 12, 2002 and its Amended Claim of Lien at OR Book 13914, Page 980 on July 15, 2002, both of which are attached as composite exhibit C.

24.     Cooper Carry served its Final Contractor's Affidavit on the Batmasians on September 3, 2002.

25.     Despite Cooper Carry's demand, the Batmasians have failed to pay the amount owed as reflected in the Claim of Lien and Amended Claim of Lien.

WHEREFORE, plaintiff Cooper Carry demands judgment:

(a) Adjudicating that Cooper Carry has a lien against the Property, plus additional interest, costs and reasonable attorneys fee pursuant to Section 713.29, Florida Statutes, superior in right to any interest of Defendants;

(b) That in default of the payment of the amount to Cooper Carry, the Property be sold in a judicial sale in accordance with applicable law and the proceeds of the sale be used to pay Cooper Carry the money it is owed;

(c) That the Court tax the cost of this action against defendants; and

(d) That Cooper Carry receive such other and further relief as the Court may deem just and proper.

Dated: September 19, 2002

BRUCE E. LOREN & ASSOCIATES
Attorneys for Plaintiff
301 Clematis Street, Suite 201
West Palm Beach, Florida 33401
Phone: (561) 659-6634
Fax:     (561) 659-9179


BRUCE E. LOREN

*Of Counsel*
Randy Edwards
Kilpatrick Stockton LLP
Suite 2800
1000 Peachtree Street
Atlanta, GA  30309-4530
Phone: (404) 815-6068
Fax:     (404) 815-6555

## EXHIBIT A

Legal Description of Real Property

A portion of Section 29, Township 47 South, Range 43 East, Palm Beach County, Florida, being more particularly described as follows:

Commencing at the Northwest Corner of said Section 29; thence South 89°58'30" East, along the North Line of said Section 29, a distance of 689.85 feet; thence South 00°01'30" West, along the East right-of-way of S.E. 1ˢᵗ Avenue extended, to a point on the South right-of-way of S.E. 1ˢᵗ Street, to the Point of Beginning of this description; thence South 89°58'30" East, along the South right-of-way line of said S.E. 1ˢᵗ Street, a distance of 578.20 feet to a point on the arc of a circular curve to the right, whose radius point bears South 27°36'18" West from the last described point; thence Easterly and Southerly, along the arc of said curve, having a radius of 22.00 feet, an arc distance of 18.53 feet to a point; thence South 39°54'39" East, a distance of 1.92 feet; thence South 50°05'21" West, a distance of 1.05 feet to a point on the arc of a circular curve to the right, whose radius point bears South 81°32'59" West from the last described point; thence Easterly and Southerly, along the arc of said curve, having a radius of 22.00 feet, an arc distance of 3.44 feet to the Point of Compound Curvature of a circular curve; thence Southerly and Westerly, along the arc of said curve, having a radius of 946.93 feet, an arc distance of 339.18 feet to the Point of Tangency, the last five courses being coincident with the Westerly boundary of those lands described in Official Record Book 6735, Page 912, of the Public Records of Palm Beach County, Florida; thence South 21°00'50" West, a distance of 327.05 feet, to the Point of Curvature of a circular curve to the right; thence Southerly and Westerly, along the arc of said curve, having a radius of 1053.05 feet, an arc distance of 551 38 feet to the Point of Compound Curvature of a circular curve; thence Southerly and Westerly, along the arc of said curve, having a radius of 300.95 feet, an arc distance of 204.91 feet to the Point of Tangency, said point being further described as being on the North right-of-way line of S. E. 5ᵗʰ Street, thence North 89°58'30" West, along said North right-of-way line, a distance of 92.72 feet; thence North 45°47'29" West, a distance of 13.50 feet; thence South 44°12'31" West, a distance of 2 50 feet; thence North 45°47'29" West, a distance of 18.00 feet; thence North 44°12'31" East, a distance of 2.50 feet; thence North 45°47'29' West, a distance of 14.17 feet to a point on the East right-of-way line of Federal Highway, U.S. No. 1, the last five courses being coincident with the Northeasterly boundary of those lands described in Official Record Book 6735, Page 912, of the Public Records of Palm Beach County, Florida; thence North 00°16'00" West, along the East right-of-way line of said Federal Highway, a distance of 508.21 feet to the Point of Curvature of a circular curve to the right; thence Northerly and Easterly, along the arc of said curve, having a radius of 25.00 feet, an arc distance of 39.40 feet to the Point of Tangency; thence South 89°58'30" East, a distance of 139.61 feet, to the Point of Curvature of a circular curve to the left; thence Easterly and Northerly, along the arc of said curve having a radius of 50.00 feet, an arc distance of 78.79

2



feet to the Point of Tangency; thence North 00°16'00" West, a distance of 549.24 feet, to a point on the South right-of-way line S.E. 1st Street, the last three courses being coincident with the Southerly and Easterly limits of S.E. 3rd Street, as recorded in Official Record Book 1126, Page 593, of the Public Records of Palm Beach County, Florida, and the Easterly limits of S.E. 1st Avenue, as shown on the plat of ROYAL PALM CIVIC AND SHOPPING CENTER, UNIT "B", according to the plat thereof, as recorded in Plat Book 27, Page 200, of the Public Records of Palm Beach County, Florida; thence South 89°58'30" East, along said South right-of-way line, a distance of 16.00 feet to the Point of Beginning.

Said lands situate, lying and being in Palm Beach County, Florida.

SUBJECT to all easements, reservations and rights of way of record.

Containing 13.891 acres, more or less.

3

# *Investments Limited*

215 No. Federal Highway
Boca Raton, Florida 33432
(561) 392-8920
Fax (561) 392-3561

September 14, 2001

Mr. David Kitchens
Cooper Carry
112 S. Alfred Street
Suite #100
Alexandria, VA 22314

Re: Royal Palm Plaza Redevelopment/West Building ~~Plus East Building Strip Retail~~

Dear David:

I just want to let you know how happy and pleased I am that we're working with your firm. Every one of the staff members I have met, especially yourself, have been absolutely wonderful and professional and creative and I hope the relationship continues. As we discussed, you're going to quarterback the various functions on the team. Also, as we discussed, you are authorized to proceed through schematic design, at your normal hourly rates and expenses, with the understanding that should we proceed and finish through the entire project as outlined above, you would ~~be paid~~ your regular hourly rates, with a cap total of $750,000 through ~~completion, including supervision.~~ *CONSTRUCTION DOCUMENTS. FEE CAP DOES NOT INCLUDE OUTSIDE CONSULTAN...*

We continue to look forward to working with you on this project, which I think will be of importance to your firm, Boca Raton, and us.

With kindest regards.

Sincerely,

*James H. Batmasian*

James H. Batmasian

JHB:lg

*29 — 200)*

CONFIRMED & AGREED:

COOPER CARRY

By: David Kitchens

*\*FEES FOR BID & NEGOTIATION AND CONSTRUCTION ADMINISTRAT WILL BE DETERMINED AT A LATER DATE.*

*PER TELEPHONE CONVERSATION 9/17/01*
*DK 9/17/01*

# EXHIBIT B

Nov-18-02 10:10A SB&V - BOCA OFFICE          561 394 6102          P.10
        SEP 14 2001 5:08PM   INVESTMENTS LIMITED

P. S.  If you would be kind enough to sign and fax back the enclosed duplicate of this
letter to confirm our understanding, I would be appreciative.

Nov-18-02 10:10A SB&V - BOCA OFFICE        561 394 6102        P.11



06/12/2002  14:54:41  20020297003
OR BK 13797 PG 0150
Palm Beach County, Florida

Prepared by and after recording, return to:

Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Attn: M. Andrew Kauss, Esq.

## CLAIM OF LIEN
### (Fla. Stats. Tit. 40, Ch. 713.08)

STATE OF FLORIDA

COUNTY OF PALM BEACH

  Before me, the undersigned notary public, personally appeared Kevin R. Cantley, who was duly sworn and says that he is the President/Chief Executive Officer for lien claimant, COOPER CARRY, INC., whose address is 3520 Piedmont Road, N.E., Atlanta, Georgia 30305; and that in accordance with a contract with JAMES H. BATMASIAN, lienor furnished labor, services, or materials consisting of architectural and consultant services on the following described real property in Palm Beach County, Florida:   See Exhibit A
           (Legal Description of Real Property)

owned by JAMES H. BATMASIAN AND MARTA BATMASIAN, of a total value of One Million Seven Hundred Forty-Four Thousand Four Hundred Thirty-Eight and 21/100 Dollars ($1,744,438.21), of which there remains unpaid One Million Two Thousand Four Hundred Thirty-Nine and 24/100 Dollars ($1,002,439.24), and furnished the first of the items on July 16, 2001, and the last of the items on May 24, 2002.

  Dated: June  _10_ , 2002

Sworn to and subscribed before me this       COOPER CARRY, INC.
_10_ day of _June_ , _2002_ .        (Lienor)

_Diane Monroe_
(Signature of Notary Public)         (Signature)

My Commission Expires: Notary Public, DeKalb County, Georgia  Kevin R. Cantley, President
My Commission Expires May 18, 2004   and Chief Executive Officer

1

ATLLIB01 1364072.1

# EXHIBIT C

## EXHIBIT A

### Legal Description of Real Property

A portion of Section 29, Township 47 South, Range 43 East, Palm Beach County, Florida, being more particularly described as follows:

Commencing at the Northwest Corner of said Section 29; thence South 89°58'30" East, along the North Line of said Section 29, a distance of 689.85 feet; thence South 00°01'30" West, along the East right-of-way of S.E. 1st Avenue extended, to a point on the South right-of-way of S.E. 1st Street, to the Point of Beginning of this description; thence South 89°58'30" East, along the South right-of-way line of said S.E. 1st Street, a distance of 578.20 feet to a point on the arc of a circular curve to the right, whose radius point bears South 27°36'18" West from the last described point; thence Easterly and Southerly, along the arc of said curve, having a radius of 22.00 feet, an arc distance of 18.53 feet to a point; thence South 39°54'39" East, a distance of 1.92 feet; thence South 50°05'21" West, a distance of 1.05 feet to a point on the arc of a circular curve to the right, whose radius point bears South 81°32'59" West from the last described point; thence Easterly and Southerly, along the arc of said curve, having a radius of 22.00 feet, an arc distance of 3.44 feet to the Point of Compound Curvature of a circular curve; thence Southerly and Westerly, along the arc of said curve, having a radius of 946.93 feet, an arc distance of 339.18 feet to the Point of Tangency, the last five courses being coincident with the Westerly boundary of those lands described in Official Record Book 6735, Page 912, of the Public Records of Palm Beach County, Florida; thence South 21°00'50" West, a distance of 327.05 feet, to the Point of Curvature of a circular curve to the right; thence Southerly and Westerly, along the arc of said curve, having a radius of 1053.05 feet, an arc distance of 551.38 feet to the Point of Compound Curvature of a circular curve; thence Southerly and Westerly, along the arc of said curve, having a radius of 300.95 feet, an arc distance of 204.91 feet to the Point of Tangency, said point being further described as being on the North right-of-way line of S. E. 5th Street, thence North 89°58'30" West, along said North right-of-way line, a distance of 92.72 feet; thence North 45°47'29" West, a distance of 13.50 feet; thence South 44°12'31" West, a distance of 2.50 feet; thence North 45°47'29" West, a distance of 18.00 feet; thence North 44°12'31" East, a distance of 2.50 feet; thence North 45°47'29' West, a distance of 14.17 feet to a point on the East right-of-way line of Federal Highway, U.S. No. 1, the last five courses being coincident with the Northeasterly boundary of those lands described in Official Record Book 6735, Page 912, of the Public Records of Palm Beach County, Florida; thence North 00°16'00" West, along the East right-of-way line of said Federal Highway, a distance of 508.21 feet to the Point of Curvature of a circular curve to the right; thence Northerly and Easterly, along the arc of said curve, having a radius of 25.00 feet, an arc distance of 39.40 feet to the Point of Tangency; thence South 89°58'30" East, a distance of 139.61 feet, to the Point of Curvature of a circular curve to the left; thence Easterly and Northerly, along the arc of said curve having a radius of 50.00 feet, an arc distance of 78.79

2

BOOK 13797   PAGE 8152
Dorothy H. Wilken, Clerk

feet to the Point of Tangency; thence North 00°16'00" West, a distance of 549.24 feet, to a point on the South right-of-way line S.E. 1ˢᵗ Street, the last three courses being coincident with the Southerly and Easterly limits of S.E. 3ʳᵈ Street, as recorded in Official Record Book 1126, Page 593, of the Public Records of Palm Beach County, Florida, and the Easterly limits of S.E. 1ˢᵗ Avenue, as shown on the plat of ROYAL PALM CIVIC AND SHOPPING CENTER, UNIT "B", according to the plat thereof, as recorded in Plat Book 27, Page 200, of the Public Records of Palm Beach County, Florida; thence South 89°58'30" East, along said South right-of-way line, a distance of 16.00 feet to the Point of Beginning.

Said lands situate, lying and being in Palm Beach County, Florida.

SUBJECT to all easements, reservations and rights of way of record.

Containing 13.891 acres, more or less.

3

07/15/2002  15:03:55  20020360151
OR BK 13914 PG 0900
Palm Beach County, Florida

Prepared by and after recording, return to:

R. Lee Mane, III, Esq.
Florida Bar No. 0077372
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

## AMENDED CLAIM OF LIEN
### (Fla. Stats. Tit. 40, Ch. 713.08)

**STATE OF GEORGIA**

**COUNTY OF FULTON**

Before me, the undersigned notary public, personally appeared Kevin R. Cantley, who was duly sworn and says that he is the President and Chief Executive Officer for lien claimant, COOPER CARRY, INC., whose address is 3520 Piedmont Road, N.E., Atlanta, Georgia 30305; and that in accordance with a contract with JAMES H. BATMASIAN, lienor furnished labor, services, or materials consisting of architectural, engineering, and consultant services on the following described real property in Palm Beach County, Florida:

_____  See Exhibit A _____
(Legal Description of Real Property)

owned by JAMES H. BATMASIAN and MARTA BATMASIAN, of a total value of One Million Seven Hundred Forty-Four Thousand Four Hundred Thirty-Eight and 21/100 Dollars ($1,744,438.21), of which there remains unpaid One Million Two Thousand Four Hundred Thirty-Nine and 24/100 Dollars ($1,002,439.24), and furnished the first of the items on July 16, 2001, and the last of the items on May 24, 2002.

This Amended Claim of Lien constitutes an amendment to the Claim of Lien filed by lienor on June 12, 2002 and recorded in the Office of the Clerk of the Circuit Court of Palm

1

ATL:I17901 1161872.2

BOOK 13914   PAGE 0981

Beach County, Florida on June 12, 2002 as Document No. 20020297003 in Book 13797, Pages 150-152.

Under penalties of perjury, I declare that I have read the foregoing Amended Claim of Lien and that the facts stated in it are true.

KEVIN R. CANTLEY
President and Chief Executive Officer of
Cooper Carry, Inc.
3520 Piedmont Road, N.E.
Atlanta, Georgia 30305

Sworn to and subscribed before me this _____ 11 th _____ day of June, 2002, by KEVIN R. CANTLEY.

Diane Monroe
Diane Monroe
Notary Public, State of Georgia, County of Dekalb

Notary Public, DeKalb County, Georgia
My Commission Expires: My Commission Expires May 18, 2004

Personally Known ___✓___ OR Produced Identification_____
Type of Identification Produced_____

2

ATLLIB01 1361072 2

BOOK 13914   PAGE #982

## EXHIBIT A

### Legal Description of Real Property

A portion of Section 29, Township 47 South, Range 43 East, Palm Beach County, Florida, being more particularly described as follows:

Commencing at the Northwest Corner of said Section 29; thence South 89°58'30" East, along the North Line of said Section 29, a distance of 689.85 feet; thence South 00°01'30" West, along the East right-of-way of S.E. 1st Avenue extended, to a point on the South right-of-way of S.E. 1st Street, to the Point of Beginning of this description; thence South 89°58'30" East, along the South right-of-way line of said S.E. 1st Street, a distance of 578.20 feet to a point on the arc of a circular curve to the right, whose radius point bears South 27°36'18" West from the last described point; thence Easterly and Southerly, along the arc of said curve, having a radius of 22.00 feet, an arc distance of 18.53 feet to a point; thence South 39°54'39" East, a distance of 1.92 feet; thence South 50°05'21" West, a distance of 1.05 feet to a point on the arc of a circular curve to the right, whose radius point bears South 81°32'59" West from the last described point; thence Easterly and Southerly, along the arc of said curve, having a radius of 22.00 feet, an arc distance of 3.44 feet to the Point of Compound Curvature of a circular curve; thence Southerly and Westerly, along the arc of said curve, having a radius of 946.93 feet, an arc distance of 339.18 feet to the Point of Tangency, the last five courses being coincident with the Westerly boundary of those lands described in Official Record Book 6735, Page 912, of the Public Records of Palm Beach County, Florida; thence South 21°00'50" West, a distance of 327.05 feet, to the Point of Curvature of a circular curve to the right; thence Southerly and Westerly, along the arc of said curve, having a radius of 1053.05 feet, an arc distance of 551.38 feet to the Point of Compound Curvature of a circular curve; thence Southerly and Westerly, along the arc of said curve, having a radius of 300.95 feet, an arc distance of 204.91 feet to the Point of Tangency, said point being further described as being on the North right-of-way line of S. E. 5th Street, thence North 89°58'30" West, along said North right-of-way line, a distance of 92.72 feet; thence North 45°47'29" West, a distance of 13.50 feet; thence South 44°12'31" West, a distance of 2.50 feet; thence North 45°47'29" West, a distance of 18.00 feet; thence North 44°12'31" East, a distance of 2.50 feet; thence North 45°47'29" West, a distance of 14.17 feet to a point on the East right-of-way line of Federal Highway, U.S. No. 1, the last five courses being coincident with the Northeasterly boundary of those lands described in Official Record Book 6735, Page 912, of the Public Records of Palm Beach County, Florida; thence North 00°16'00" West, along the East right-of-way line of said Federal Highway, a distance of 508.21 feet to the Point of Curvature of a circular curve to the right; thence Northerly and Easterly, along the arc of said curve, having a radius of 25.00 feet, an arc distance of 39.40 feet to the Point of Tangency; thence South 89°58'30" East, a distance of

1

ATLLI201 1301072 2

BOOK 13914 PAGE 0963
Dorothy H. Wilken, Clerk

139.61 feet, to the Point of Curvature of a circular curve to the left; thence Easterly and Northerly, along the arc of said curve having a radius of 50.00 feet, an arc distance of 78.79 feet to the Point of Tangency; thence North 00°16'00" West, a distance of 549.24 feet, to a point on the South right-of-way line S.E. 1st Street, the last three courses being coincident with the Southerly and Easterly limits of S.E. 3rd Street, as recorded in Official Record Book 1126, Page 593, of the Public Records of Palm Beach County, Florida, and the Easterly limits of S.E. 1st Avenue, as shown on the plat of ROYAL PALM CIVIC AND SHOPPING CENTER, UNIT "B", according to the plat thereof, as recorded in Plat Book 27, Page 200, of the Public Records of Palm Beach County, Florida; thence South 89°58'30" East, along said South right-of-way line, a distance of 16.00 feet to the Point of Beginning.

Said lands situate, lying and being in Palm Beach County, Florida.

SUBJECT to all easements, reservations and rights of way of record.

Containing 13.891 acres, more or less.

ATL1.P01 1161072 1

2

11/19/2002  16:28   56165991179          BRUCE LOREN & ^SSOC                    PAGE   01/06

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO. CA 02-011280 AG

COOPER CARRY, INC.,

      Plaintiff,

v.

JAMES H. BATMASIAN and MARTA
BATMASIAN d/b/a INVESTMENTS LIMITED,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF FILING EXHIBIT "D" TO COMPLAINT

    Cooper Carry, Inc. hereby gives notice that it has filed Exhibit "D" to complaint (Statement

of Account) in support of Count Three to Complaint (Open Account).

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
hand delivery on November 20, 2002 and fax on November 19, 2002 to Robert A. Sweetapple, Esq.,
Sweetapple, Broeker, Varkas & Feltman, 165 East Boca Raton Road, Boca Raton, Florida 33432.

        Respectfully submitted,

        BRUCE E. LOREN & ASSOCIATES
        Counsel for Plaintiff
        301 Clematis Street
        Suite 201
        West Palm Beach, Florida 33401
        Phone: (561) 659-6634
        Fax:   (561) 659-9179

        Bruce E. Loren
        BRUCE E. LOREN      *Signed In Mr. Loren's*
        Florida Bar No. 947105   *Absence To Avoid Delay*

11/19/2002  16:28   5616590179                    BRUCE LOREN & ASSOC          PAGE  02/06

11/19/02  16:02 FAX 404 8.. 6555         KS ATLANTA                              002

06/26/2002 08:14 FAX 4042374476          COOPER CARRY                           002

## Accounts Receivable Ledger

**COOPER CARRY, INC.**

*Monday, June 24, 2002*

As of June 30, 2002

4:23:49 PM

| Invoice Number | Date | Total | Fees | Consultants | Reimb. | Taxes | Other |
|---|---|---|---|---|---|---|---|
| **201080.01** | **ROYAL PALM PLAZA - DATA/DOCUMENT COLLECT / KITCHENS / OEHRIG** | | | | | | |
| 0097088 | 7/31/01 | 4,995.00 | 4,995.00 | | | | |
| Rcpt 0000905 | 9/5/01 | -4,995.00 | -4,995.00 | | | | |
| Invoice Balance | | 0.00 | | | | | |
| Project Billed | | 4,995.00 | 4,995.00 | | | | |
| Project Received | | -4,995.00 | -4,995.00 | | | | |
| Project Retainage | | | | | | | |
| Project Totals | | | | | | | |
| **201080.02** | **ROYAL PALM PLAZA - KICK-OFF MEETING/WKSH / KITCHENS / OEHRIG** | | | | | | |
| 0097089 | 7/31/01 | 15,000.00 | 15,000.00 | | | | |
| Rcpt 0000905 | 9/5/01 | -15,000.00 | -15,000.00 | | | | |
| Invoice Balance | | 0.00 | | | | | |
| Project Billed | | 15,000.00 | 15,000.00 | | | | |
| Project Received | | -15,000.00 | -15,000.00 | | | | |
| Project Retainage | | | | | | | |
| Project Totals | | | | | | | |
| **201080.03** | **ROYAL PALM PLAZA - MASTER PLAN DESIGN / KITCHENS / OEHRIG** | | | | | | |
| 0097446 | 8/31/01 | 40,000.00 | 40,000.00 | | | | |
| Rcpt 0001005 | 10/5/01 | -40,000.00 | -40,000.00 | | | | |
| Invoice Balance | | 0.00 | | | | | |
| Project Billed | | 40,000.00 | 40,000.00 | | | | |
| Project Received | | -40,000.00 | -40,000.00 | | | | |
| Project Retainage | | | | | | | |
| Project Totals | | | | | | | |
| **201080.05** | **ROYAL PALM PLAZA - PREP OF IDA AMENDMENT / KITCHENS / OEHRIG** | | | | | | |
| 0097714 | 9/30/01 | 13,244.75 | 13,244.75 | | | | |
| Rcpt 0001121 | 11/21/01 | -13,244.75 | -13,244.75 | | | | |
| Invoice Balance | | 0.00 | | | | | |
| 0098085 | 10/31/01 | 11,703.25 | 11,703.25 | | | | |
| Rcpt 0000114 | 1/14/02 | -11,703.25 | -11,703.25 | | | | |
| Invoice Balance | | 0.00 | | | | | |
| 0098247 | 11/30/01 | 1,492.00 | 1,492.00 | | | | |
| Rcpt 0000114 | 1/14/02 | -1,492.00 | -1,492.00 | | | | |
| Invoice Balance | | 0.00 | | | | | |
| 0098570 | 12/31/01 | 6,672.50 | 6,672.50 | | | | |
| Rcpt 0000212 | 3/12/02 | -6,672.50 | -6,672.50 | | | | |
| Invoice Balance | | 0.00 | | | | | |
| 0098857 | 1/31/02 | 4,088.00 | 4,088.00 | | | | |
| Project Billed | | 37,200.50 | 37,200.50 | | | | |
| Project Received | | -33,112.50 | -33,112.50 | | | | |
| Project Retainage | | | | | | | |
| Project Totals | | 4,088.00 | 4,088.00 | | | | |
| **201080.06** | **ROYAL PALM PLAZA - SUBMISSION APPROVAL / KITCHENS / OEHRIG** | | | | | | |
| 0098248 | 11/30/01 | 5,331.00 | 5,331.00 | | | | |
| Rcpt 0000114 | 1/14/02 | -5,331.00 | -5,331.00 | | | | |
| Invoice Balance | | 0.00 | | | | | |
| 0098571 | 12/31/01 | 10,341.75 | 10,341.75 | | | | |

EXHIBIT D

11/19/2002  16:28    5616599179                   BRUCE LOREN & ^CSOC                    PAGE   03/06
11/19/02  16:02 FAX 404 8    6555          KS ATLANTA                                      ☒003

08/26/2002 08:14 FAX 4042374478          COOPER CARBY                              ☒003

| Accounts Receivable Ledger | | As of June 30, 2002 | | | | June 24, 2002 - 4:23 PM | |
|---|---|---|---|---|---|---|---|
| Invoice Number | Date | Total | Fees | Consultants | Reimb. | Taxes | Other |
| 201080.06 | ROYAL PALM PLAZA - SUBMISSION APPROVAL / KITCHENS / OEHRIG | | | | | | |
| 0098571 | Rcpt 0000312 | 3/12/02 | -10,341.75 | -10,341.75 | | | |
| | Invoice Balance | | 0.00 | | | | |
| 0098658 | | 1/31/02 | 17,550.75 | 17,550.75 | | | |
| 0099188 | | 2/28/02 | 10,551.00 | 10,551.00 | | | |
| 0099418 | | 3/31/02 | 25,372.50 | 25,372.50 | | | |
| 0099694 | | 4/30/02 | 28,627.50 | | | 28,627.50 | |
| | Project Billed | | 97,774.50 | 69,147.00 | | 28,627.50 | |
| | Project Received | | -15,872.75 | -15,672.75 | | | |
| | Project Retainage | | | | | | |
| | Project Totals | | 82,101.75 | 53,474.25 | | 28,627.50 | |
| 201080.99 | ROYAL PALM PLAZA - REIMBURSABLES / KITCHENS / OEHRIG | | | | | | |
| 0097090 | | 7/31/01 | 511.44 | | | 511.44 | |
| | Rcpt 0000905 | 9/5/01 | -511.44 | -511.44 | | | |
| | Invoice Balance | | 0.00 | -511.44 | | 511.44 | |
| 0097447 | | 8/31/01 | 1,460.58 | | | 1,460.58 | |
| 0097715 | | 9/30/01 | 1,869.01 | | | 1,869.01 | |
| 0098089 | | 10/31/01 | 1,167.71 | | | 1,167.71 | |
| | Rcpt 0000114 | 1/14/02 | -1,167.71 | -1,167.71 | | | |
| | Invoice Balance | | 0.00 | -1,167.71 | | 1,167.71 | |
| 0098249 | | 11/30/01 | 1,023.06 | | | 1,023.06 | |
| | Rcpt 0000114 | 1/14/02 | -1,023.06 | -1,023.06 | | | |
| | Invoice Balance | | 0.00 | -1,023.06 | | 1,023.06 | |
| 0098572 | | 12/31/01 | 1,669.92 | | | 1,669.92 | |
| | Rcpt 0000312 | 3/12/02 | -1,669.92 | -1,669.92 | | | |
| | Invoice Balance | | 0.00 | -1,669.92 | | 1,669.92 | |
| 0098659 | | 1/31/02 | 2,002.02 | | | 2,002.02 | |
| 0099188 | | 2/28/02 | 1,161.87 | | | 1,161.87 | |
| 0099431 | | 3/31/02 | 4,575.11 | | | 4,575.11 | |
| 0099689 | | 4/30/02 | 1,576.99 | | | 1,576.99 | |
| 0099763 | | 5/31/02 | 52.76 | | | 52.76 | |
| | Project Billed | | 17,070.47 | | | 17,070.47 | |
| | Project Received | | -4,372.13 | -4,372.13 | | | |
| | Project Retainage | | | | | | |
| | Project Totals | | 12,698.34 | -4,372.13 | | 17,070.47 | |
| | Project 201080 Totals | | 94,868.09 | 53,190.12 | 28,627.50 | 17,070.47 | |
| 201100.01 | ROYAL PALM PLAZA - PHASE I / KITCHENS / OEHRIG | | | | | | |
| 0097470 | | 8/31/01 | 48,034.75 | 48,034.75 | | | |
| | Rcpt 0001022 | 10/22/01 | -50,000.00 | -50,000.00 | | | |
| | Invoice Balance | | -1,965.25 | -1,965.25 | | | |
| 0097716 | | 9/30/01 | 89,840.00 | 89,840.00 | | | |
| | Rcpt 0001121 | 11/21/01 | -86,966.00 | -86,966.00 | | | |
| | Invoice Balance | | 2,874.00 | 2,874.00 | | | |
| 0097817 | | 10/12/01 | | | | | |
| 0098090 | | 10/31/01 | 169,659.25 | 136,343.75 | 33,315.50 | | |
| | Rcpt 0000114 | 1/14/02 | -169,659.25 | -169,659.25 | | | |
| | Invoice Balance | | 0.00 | -33,315.50 | 33,315.50 | | |
| 0098250 | | 11/30/01 | 149,595.50 | 149,595.50 | | | |

11/19/2002  16:28   5616599179                    BRUCE LOREN & ASSOC             PAGE  04/06

11/19/02  16:02 FAX 404 8.  1555          KS ATLANTA                                  @004

08/26/2002 08:15 FAX 4042374476          COOPER CARRY                                 @004

| Accounts Receivable Ledger | | As of June 30, 2002 | | | | June 24, 2002 - 4:23 PM | |
|---|---|---|---|---|---|---|---|
| Invoice Number | Date | Total | Fees | Consultants | Reimb. | Taxes | Other |
| 201100.01 | ROYAL PALM PLAZA - PHASE I / KITCHENS / OEHRIG | | | | | | |
| 0098250 | Rcpt 0000114  1/14/02 | -75,000.00 | -75,000.00 | | | | |
| | Invoice Balance | 74,595.50 | 74,595.50 | | | | |
| 0098573 | 12/31/01 | 221,852.00 | 128,188.00 | 93,664.00 | | | |
| | Rcpt 0000312  3/12/02 | -221,852.00 | -221,852.00 | | | | |
| | Invoice Balance | 0.00 | -93,664.00 | 93,664.00 | | | |
| ███████ | 1/31/02 | | | | | | |
| ███████ | 1/31/02 | | | | | | |
| 0098965 | 1/31/02 | 260,768.00 | 197,998.00 | 62,750.00 | | | |
| 0099227 | 2/28/02 | 53,577.00 | | 53,577.00 | | | |
| ███████ | 3/31/02 | | | | | | |
| 0099482 | 3/31/02 | 2,700.00 | | 2,700.00 | | | |
| 0099690 | 4/30/02 | 22,621.50 | | 22,621.50 | | | |
| 0099810 | 5/31/02 | 10,970.00 | | 10,970.00 | | | |
| | Project Billed | 1,029,638.00 | 750,000.00 | 279,638.00 | | | |
| | Project Received | -603,477.25 | -603,477.25 | | | | |
| | Project Retainage | | | | | | |
| | Project Totals | 426,160.75 | 146,522.75 | 279,638.00 | | | |
| 201100.02 | ROYAL PALM PLAZA PH I - RENDERING CONSUL / KITCHENS / OEHRIG | | | | | | |
| 0098683 | 12/31/01 | 1,210.00 | | 1,210.00 | | | |
| | Rcpt 0000312  3/12/02 | -1,210.00 | -1,210.00 | | | | |
| | Invoice Balance | 0.00 | -1,210.00 | 1,210.00 | | | |
| 0098861 | 1/21/02 | 2,420.00 | | 2,420.00 | | | |
| | Project Billed | 3,630.00 | | 3,630.00 | | | |
| | Project Received | -1,210.00 | -1,210.00 | | | | |
| | Project Retainage | | | | | | |
| | Project Totals | 2,420.00 | -1,210.00 | 3,630.00 | | | |
| 201100.03 | ROYAL PALM PLAZA PH I - MKTG GRAPHICS / KITCHENS / OEHRIG | | | | | | |
| 0098962 | 1/31/02 | 1,485.00 | 1,485.00 | | | | |
| 0099421 | 3/31/02 | 80.00 | 80.00 | | | | |
| | Project Billed | 1,565.00 | 1,565.00 | | | | |
| | Project Received | | | | | | |
| | Project Retainage | | | | | | |
| | Project Totals | 1,565.00 | 1,565.00 | | | | |
| 201100.04 | ROYAL PALM PLAZA - ALT PKG GARAGE SCHEME / KITCHENS / OEHRIG | | | | | | |
| 0098966 | 1/31/02 | 13,567.00 | 13,567.00 | | | | |
| 0099229 | 2/28/02 | 930.00 | 930.00 | | | | |
| 0099422 | 3/31/02 | 8,079.00 | 7,732.50 | 346.50 | | | |
| 0099693 | 4/30/02 | 20,680.00 | | 20,680.00 | | | |
| | Project Billed | 43,256.00 | 22,229.50 | 21,026.50 | | | |
| | Project Received | | | | | | |
| | Project Retainage | | | | | | |
| | Project Totals | 43,256.00 | 22,229.50 | 21,026.50 | | | |
| 201100.05 | ROYAL PALM PLAZA - WIND TUNNEL TESTING / KITCHENS / OEHRIG | | | | | | |
| 0099190 | 2/25/02 | 1,510.00 | 1,510.00 | | | | |

11/19/2002  16:28    5616599179        BRUCE LOREN & ^SSOC        PAGE  05/06
-- -- --   10.02 FAX 404 0   5555        KS ATLANTA                      ☑ 005

06/26/2002 08:15 FAX 4042374476          COOPER CARRY                     ☑ 005

| Accounts Receivable Ledger | | As of June 30, 2002 | | | June 24, 2002 - 4:23 PM | | |
|---|---|---|---|---|---|---|---|
| **Invoice Number** | **Date** | **Total** | **Fees** | **Consultants** | **Roimb.** | **Taxes** | **Other** |
| 201100.05 | ROYAL PALM PLAZA - WIND TUNNEL TESTING / KITCHENS / OEHRIG | | | | | | |
| | Project Billed | 1,510.00 | 1,510.00 | | | | |
| | Project Received | | | | | | |
| | Project Retainage | | | | | | |
| | Project Totals | 1,510.00 | 1,510.00 | | | | |
| 201100.06 | ROYAL PALM PLAZA - COOLING TOWER I & II / KITCHENS / OEHRIG | | | | | | |
| 0099423 | 3/31/02 | 1,179.00 | 1,179.00 | | | | |
| | Project Billed | 1,179.00 | 1,179.00 | | | | |
| | Project Received | | | | | | |
| | Project Retainage | | | | | | |
| | Project Totals | 1,179.00 | 1,179.00 | | | | |
| 201100.07 | ROYAL PALM PLAZA - BID AND NEGOTIATION / KITCHENS / OEHRIG | | | | | | |
| 0099228 | 2/28/02 | 1,660.00 | 1,660.00 | | | | |
| 0099424 | 3/31/02 | 3,090.00 | 3,090.00 | | | | |
| 0099691 | 4/30/02 | 875.00 | 875.00 | | | | |
| | Project Billed | 5,625.00 | 5,625.00 | | | | |
| | Project Received | | | | | | |
| | Project Retainage | | | | | | |
| | Project Totals | 5,625.00 | 5,625.00 | | | | |
| 201100.08 | ROYAL PALM PLAZA-ADDITIONAL SERVICES / KITCHENS / OEHRIG | | | | | | |
| 0099453 | 3/31/02 | 278,033.25 | 278,033.25 | | | | |
| 0099762 | 5/31/02 | 103,302.50 | 103,302.50 | | | | |
| | Project Billed | 381,335.75 | 381,335.75 | | | | |
| | Project Received | | | | | | |
| | Project Retainage | | | | | | |
| | Project Totals | 381,335.75 | 381,335.75 | | | | |
| 201100.99 | ROYAL PALM PLAZA PHASE I - REIMBURSABLE / KITCHENS / OEHRIG | | | | | | |
| 0097717 | 9/30/01 | 3,021.80 | | | 3,021.80 | | |
| 0098091 | 10/31/01 | 5,010.08 | | | 5,010.08 | | |
| | Rcpt 0000114   1/14/02 | -5,010.08 | -5,010.08 | | | | |
| | Invoice Balance | 0.00 | -5,010.08 | | 5,010.08 | | |
| 0098269 | 11/30/01 | 5,142.38 | | | 5,142.38 | | |
| 0098585 | 12/31/01 | 6,149.26 | | | 6,149.26 | | |
| | Rcpt 0000312   3/12/02 | -6,149.26 | -6,149.26 | | | | |
| | Invoice Balance | 0.00 | -6,149.26 | | 6,149.26 | | |
| 0098883 | 1/31/02 | 8,278.89 | | | 8,278.89 | | |
| 0099191 | 2/28/02 | 12,500.57 | | | 12,500.57 | | |
| 0099425 | 3/31/02 | 5,866.90 | | | 5,866.90 | | |
| 0099592 | 4/30/02 | 4,098.40 | | | 4,098.40 | | |
| 0099784 | 5/31/02 | | | | | | |
| 0099811 | 5/31/02 | 568.71 | | | 568.71 | | |
| | Project Billed | 51,658.99 | | | 51,658.99 | | |
| | Project Received | -11,159.34 | -11,159.34 | | | | |
| | Project Retainage | | | | | | |
| | Project Totals | 40,499.65 | -11,159.34 | | 51,658.99 | | |
| | Project 201100 Totals | 903,551.15 | 547,597.66 | 304,294.50 | 51,658.99 | | |

PAGE  05/06
11/19/2002  16:28    5616599179         BRUCE LOREN & ASSOC
                                         KS ATLANTA                      ☑006

06/28/2002 08:15 FAX 4042374476         COOPER CARRY                     ☑006

| Accounts Receivable Ledger | | As of June 30, 2002 | | | | June 24, 2002 - 4:23 PM | |
|---|---|---|---|---|---|---|---|
| Invoice Number | Date | Total | Fees | Consultants | Reimb. | Taxes | Other |
| | Total Billed | 1,731,438.21 | 1,329,786.75 | 332,922.00 | 68,729.46 | | |
| | Total Received | -728,998.97 | -728,998.97 | | | | |
| | Total Retainage | | | | | | |
| | Final Totals | 1,002,439.24 | 600,787.78 | 332,922.00 | 68,729.46 | | |

** End of Report **

IN THE COURT OF THE 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH
COUNTY, FLORIDA

CASE NO. CA 02 011280 AG

COOPER CARRY, INC.,

    Plaintiff,

v.

JAMES H. BATMASIAN and MARTA
BATMASIAN d/b/a INVESTMENTS
LIMITED,

    Defendants.

_____/

DOROTHY H. WILKEN
CLERK OF CIRCUIT COURT
CIRCUIT CIVIL DIVISION

NOV 0 1 2002
COPY / ORIGINAL
RECEIVED FOR FILING

## DEFENDANTS' DEFENSIVE MOTIONS DIRECTED AT THE COMPLAINT

COMES NOW the Defendants, JAMES H. BATMASIAN and MARTA BATMASIAN d/b/a

INVESTMENTS LIMITED, by and through undersigned counsel, and responds to the Complaint

filed herein as follows:

### RE: COUNT I
### MOTION TO DISMISS COUNT I

The Defendants move to dismiss Count I of the Complaint and as grounds therefor would

show unto the Court that:

1.   The Plaintiff is suing for $1,002,439.24 in Count I.

2.   Count I references a written contract between the parties that provides a basis for the

claim. The contract is attached as Exhibit B.

3.   The contract, by its express terms, "caps" the compensation due the Plaintiff in the

amount of $750,000.00.

- 1 -

LAW OFFICES OF SWEETAPPLE, BROEKER, VARKAS & FELTMAN
165 EAST BOCA RATON ROAD, BOCA RATON, FLORIDA 33432-3911

JAMES H. BATMASIAN and MARTA BATMASIAN d/b/a INVESTMENTS LIMITED
adv. COOPER CARRY, INC. / CASE NO. CA-02 011280 AG  (PALM BEACH COUNTY)

    4.   The terms of the contract (Exhibit B) are repugnant to the allegations of damages in paragraph 11 of Count I.

    5.   When an agreement is attached as an exhibit to a complaint, that agreement is deemed part of the complaint and must be reviewed as such.  Rule 1.130(b).

    6.   If there is an inconsistency between the general allegations of material fact in the complaint and the specific facts revealed by an exhibit attached to a complaint, the inconsistency has the effect of neutralizing each allegation as against the other, thus rendering the pleading objectionable.  Such is the case with respect to Count I.

    WHEREFORE, based on the grounds stated above, the Defendants move the Court for an order dismissing Count I of the Complaint.

**RE: COUNT III**
**MOTION TO DISMISS COUNT III**

    The Defendants move to dismiss Count III of the Complaint, and as ground therefor would show unto the Court that:

    7.   An "open account" is defined as an unsettled debt incurred as a result of continuing transactions involving work and labor or goods sold and delivered with the expectation of further transactions subject to future settlement and adjustment.  However, an action sounding in open account will not lie when the action is based on a written contract between the parties.

    8.   Count III of the Complaint incorporates the allegations of paragraph 6 wherein the Plaintiff alleges that  the parties entered into a written contract which has been attached to the Complaint as Exhibit B.

- 2 -

JAMES H. BATMASIAN and MARTA BATMASIAN d/b/a INVESTMENTS LIMITED
adv. COOPER CARRY, INC. / CASE NO. CA-02 011280 AG  (PALM BEACH COUNTY)

9.      An obligation does not become an open account simply because the due under a contract requires calculation.  An obligee cannot avoid the requirements of pleading and proving a breach of contract by simply suing on an "open account."

9.   In addition, by promulgating the Rules of Civil Procedure, and more particularly Rule 1.932, the Supreme Court of Florida requires a copy of the account showing items, time of accrual of each item, and the amount of each item, be attached to the complaint.  The Plaintiff has failed to attach an account indicating the items charged for.

WHEREFORE, based on the grounds stated above, the Defendants move the Court for an order dismissing Count III of the Complaint.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Facsimile and U.S. Mail on this __29__ day of October, 2002 to: Bruce E. Loren, Esquire, BRUCE E. LOREN & ASSOCIATES, *Attorneys for Plaintiff*, 301 Clematis Street, Suite 201, West Palm Beach, Florida 33401; Telephone: (561) 659-6634; Facsimile: (561) 659-9179; and Randy Edwards, Esquire, KILPATRICK STOCKTON LLP, *Of Counsel*, 1000 Peachtree Street, Suite 2800, Atlanta, GA; Telephone: (404) 815-6068; Facsimile: (404) 815-6555.

Respectfully submitted,

SWEETAPPLE, BROEKER, VARKAS & FELTMAN
Attorneys for Defendants
165 East Boca Raton Road
Boca Raton, FL 33432
Telephone: (561) 392-1230
Facsimile:  (561) 394-6102

By: _____
ROBERT A. SWEETAPPLE
Florida Bar No. 0296988

COOPER CARRY

August 5, 2002

Mr. Horacio Rosales
Acting Chief Building Official
City Hall
City of Boca Raton
201 West Palmetto Park Road
Boca Raton, Florida 33432-3795

RE:   Architect of Record
      Royal Palm Plaza
      Boca Raton, Florida
      CC Project #201100.01/D.6

Dear Mr. Rosales

This letter is to inform your office that Cooper Carry, Inc. has been relieved from the duties of
Construction Administration for the Royal Palm Plaza project in Boca Raton, Florida. The
construction documents were prepared and submitted for building permit by our office. It is
our understanding that the owner has pulled this permit, and is proceeding with construction.
The owner has chosen not to engage Cooper Carry for Construction Administration service
therefore Cooper Carry, Inc. is not able to perform normal architect of record supervision
during the construction process.

Cooper Carry is aware that the owner is in discussions with Robert G. Currie Partnership of
Del Ray Beach, Florida for construction administration services. We request that all future
correspondence or communication concerning this project be addressed to the owner or the
registered professional he has retained as the new architect of record

If you have any questions please do not hesitate to contact this office.

Sincerely,

COOPER CARRY, INC.

David Kitchens, AIA
Principal

cc          file

E:\PROJECT MANAGEMENT\01\201390 Royal Palm Plaza\D.6 Authorities\letter_Rosales_arch of record.doc

N:\admin\staff\letterfm.doc

112
SOUTH ALFRED STREET
SUITE 100
ALEXANDRIA
VIRGINIA
22314

703 519 6152
703 519 7127

EX: _____ 2 _____